# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL TAYLOR ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-10-212-SPS |
| ) | |
| HE&M, INC. d/b/a HE&M SAW, ) | |
| A domestic corporation, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER GRANTING IN PART
## AND DENYING IN PART DEFENDANT HE&M INC.'S MOTION TO DISMISS
## AND BRIEF IN SUPPORT

This matter comes before the Court on Defendant HE&M Inc's Motion to Dismiss and Brief in Support [Docket No. 7] pursuant to Fed. R. of Civ. P. 8(a) and 12(b)(6). Defendant argues that Plaintiff has failed to allege sufficient facts to state a claim under the Fed. R. of Civ. P. 8(a) pleading standards enunciated in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Iqbal v. Ashcroft*, 129 S. Ct. 1937 (2009), for each of his causes of action, *i. .e.*, causes of action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and the Consolidated Omnibus Budget Reconciliation Act of 1986, (COBRA), 29 U.S.C. 1161, *et seq.*, and a state law claim of wrongful termination in violation of Oklahoma public policy (a "*Burk*" tort). Plaintiff contends that his pleading *does* meet the standards set forth in *Twombly*, and thus the instant Motion should be denied. For the reasons set forth below, the Court finds that the Defendant's Motion be GRANTED as it pertains to Plaintiff's Second and Third causes of action, *i. e.*, the wrongful termination claim under Oklahoma state law and the COBRA claim, and that

the Defendant's Motion be DENIED as it pertains to the Plaintiff's First Cause of Action, *i. e.*, the FLSA claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[F]ederal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim and that allegations need only satisfy the requirements of Rule 8." *McDonald v. Kellogg Co.*, 2009 WL 1125830, at *1 (D. Kan. 2009), *citing Secretary of Labor v. Labbe*, 2008 WL 4787133, at *1 (11th Cir., Nov. 4, 2008); *Puleo v. SMG Property Management, Inc.*, 2008 WL 3889727, at *2 (M.D. Fla., 2008); *Uribe v. Mainland Nursery, Inc.*, 2007 WL 4356609, at *2-3 (E.D. Cal., Dec. 11, 2007). Defendant argues that Plaintiff's failure to identify facts such as deficient pay periods or the frequency of the alleged uncompensated work shows that he has failed to allege sufficient facts to establish a plausible claim for relief. However, in a "straightforward FLSA claim for overtime compensation", *McDonald*, 2009 WL 1125830, at *2, as in the instant case, Plaintiff "need not specify . . . weeks in which the employees were entitled to overtime pay" in order to allege a plausible claim for relief

under *Twombly*. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir., 2005)[1] (cited favorably by *McDonald*). Plaintiff is alleging a "straightforward FLSA claim for overtime compensation and the allegations in the complaint, if true, establish a claim for relief." *McDonald*, 2009 WL 1125830, at *2. *See also Wass v. NPC Intern., Inc.*, 688 F. Supp. 2d 1282, 1288 (D. Kan. Mar. 2, 2010) (distinguishing between the sufficiency of allegations under *Twombly* in a straightforward FLSA claim for overtime compensation as presented in *McDonald* and a FLSA claim that is not).[2]

Turning to Plaintiff's claim under COBRA and the state law claim for wrongful termination in violation of Oklahoma public policy, *i.e.*, the *Burk* tort, the Court finds that the Plaintiff has failed to allege sufficient facts to establish sufficient claims for relief under *Twombly*. For example, with respect to the *Burk* tort, the Plaintiff cites an Oklahoma statute, but does not explain *how* that particular statute is applicable to the instant case, *i. e.*, how it is applicable in light of the reasons for which Plaintiff was terminated or how it establishes a violation of Oklahoma public policy.[3]

Plaintiff's claim under COBRA also fails to plead facts which make his claim

---

1 While *Chao* was decided prior to *Twombly*, it remains good law and was cited favorably by the District Court of Kansas in predicting the Tenth Circuit's post-*Twombly* standard for the "sufficiency of a [*straightforward*] FLSA complaint". *McDonald*, 2009 WL 1125830, at *2.

2 Defendant also cites *Stake v. Penloyd, L.L.C.* as support for its contention, but *Stake* actually tends to support Plaintiff's contention that he *has* alleged sufficient facts to establish an FLSA claim, *i. e.*, Plaintiff *has* alleged "that [he] was denied increased compensation for overtime worked as required by the FLSA". 2010 WL 1687634, at *1 (N.D. Okla. Apr. 23, 2010).

3 While the Plaintiff failed to ask for leave of the Court to file his Amended Complaint [Docket No. 19], the Court will consider the allegations therein in an effort to determine whether the Amended Complaint cures the defects alleged in the Motion to Dismiss. Here, the only difference between Plaintiff's original Complaint [Docket No. 2] and the Amended Complaint is

plausible under *Twombly*. As Defendant argues, the Plaintiff fails to either name the plan administrator in his Complaint or allege that the Defendant meets the definition of an "administrator" under 29 U.S.C. § 1002(16)(A). Plaintiff states in his Response that he has made out a plausible claim for relief because 29 U.S.C. § 1166(a)(2) imposes upon the employer a duty to notify the plan administrator of a "qualifying event" as defined in 29 U.S.C. § 1161. There are two problems with this in the context of the instant Complaint. First, 29 U.S.C. § 1132(c) does not impose a penalty upon an employer for failing to meet its obligations to notify the plan administrator of a qualifying event, which is contrary to the damages sought by Plaintiff in the Complaint. Second, if the Plaintiff *does* wish to proceed against the employer for violating 29 U.S.C. § 1166(a)(2), as he seems to say in his Response, he must plead damages consistent with such a violation. Namely, because the "purpose of the civil enforcement provisions of COBRA is, above all, to put plaintiffs in the same position they would have been in but for the violation", the Plaintiff must plead damages, *i. e.*, out-of-pocket medical expenses related to his inability to take advantage of COBRA. *Van Hoove v. Mid-America Bldg. Maintenance, Inc.*, 841 F. Supp. 1523, 1536 (D. Kan., 1993). *See also Vincent v. Wells Fargo Guard Services, Inc.*, 44 F. Supp. 2d 1302, 1305 (S.D. Fla. 1999) ("[Plaintiff] . . . neither incurred medical expenses during what would have been the period of continued coverage under COBRA nor sustained other related losses for which the Court could now make him whole. Moreover, the Court cannot penalize Wells Fargo under 29 U.S.C. § 1132(c) for its failure to notify the plan administrator of [Plaintiff's] termination. The civil

---

that Plaintiff added a reference to 24 O.S. § 163 in his wrongful termination claim.

penalty provision of § 1132(c) is reserved for plan administrators, and the Court, unfortunately, cannot alter or expand the remedy created by Congress.").

For the reasons set forth above, IT IS HEREBY ORDERED that the Defendant HE&M Inc's Motion to Dismiss and Brief in Support [Docket No. 7], is GRANTED in part and DENIED in part. The Plaintiff is hereby given 14 days in which to file an amended complaint that pleads sufficient facts for his claim under COBRA and his wrongful termination claim in accordance with the guidelines set forth in Fed. R. Civ. P. 8(a), *Twombly*, and *Iqbal*.

**IT IS SO ORDERED** this 25th day of January, 2011.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**